# In the United States Court of Federal Claims

No. 20-1139C
Filed: September 10, 2020
**NOT FOR PUBLICATION**

| | |
|---|---|
| **ELVIS IRIZARRY,** *Plaintiff,* v. **UNITED STATES,** *Defendant.* | Keywords: Pro Se; Sua Sponte Dismissal; RCFC 12(b)(1); RCFC 12(b)(6); Habeas Corpus; 28 U.S.C. § 2241; 28 U.S.C. § 2513. |

**ORDER**

The plaintiff, Elvis Irizarry, filed this action *pro se* on September 3, 2020. He also filed concurrently with his complaint a motion to proceed *in forma pauperis*. In support of his motion to proceed *in forma pauperis*, the plaintiff submits a statement of his prison account. The motion to proceed *in forma pauperis* is granted.

Even read liberally, the complaint fails both to invoke the Court's limited jurisdiction and to state a claim. Accordingly, a portion of the complaint is dismissed without prejudice and a portion is dismissed with prejudice.

Mr. Irizarry claims that he is incarcerated in the Federal Correctional Institution in Ray Brook, NY. Although not entirely clear from the complaint, the plaintiff was convicted of violating and conspiring to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (c) & (d) and of a drug offense, 21 U.S.C. § 846; extortion, 18 U.S.C. § 894; arson, 18 U.S.C. § 844; murder, 18 U.S.C. § 1959; and use of a firearm in a crime of violence, 18 U.S.C. § 924(c) in the District of New Jersey. The plaintiff's convictions were affirmed by the Third Circuit. *United States v. Irizarry*, 341 F.3d 273 (3d Cir. 2003). The plaintiff's online record at the Bureau of Prisons indicates that he is serving a life sentence.

The plaintiff claims that he is incarcerated "contrary to constitutional right, power, privilege, and immunity in violation of the Constitution" and "in excess of statutory jurisdiction, authority, and limits, and short of statutory right, and not in accordance with Law . . . ." Complaint at 1.

The plaintiff seeks "COMPENSATION IN THE AMOUNT OF $2 Million Dollars and IMMEDIATE DISCHARGE from the custody of the Attorney General . . . ." *Id*. (capitalization

in original.)  The plaintiff notes specifically that the complaint is "FOR A WRIT OF HABEAS CORPUS."  *Id*.

The Court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019).  The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action."  *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort.  *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009).  "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act.  The claim must be one for money damages against the United States."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that the United States is the only defendant against which this Court may hear claims).  To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, so his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See, e.g.*, *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint, *see Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997), which the Court interprets liberally.

The Court begins its analysis with the plaintiff's claim for a writ of habeas corpus. The complaint cites specifically to 28 U.S.C. § 2241 as the basis of the claim. Under 28 U.S.C. § 2241(b), the "determination" of a petition for habeas corpus (or post-conviction relief) for a prisoner under federal sentence will be by the district court "having jurisdiction to entertain" the petition. Under section 2241, a petition for a writ of habeas corpus is proper only in the district in which the prisoner is incarcerated. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir. 2001).

Under 28 U.S.C. § 2255(a), a federal prisoner seeking habeas corpus "may move the court which imposed the sentence" for relief. The statute further directs that an application for habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy . . . is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In addition to the statutes' own jurisdictional and venue limitations, neither 28 U.S.C. § 2241 nor 28 U.S.C. § 2255 is a money-mandating statute within this Court's limited jurisdiction. Accordingly, this Court is unable to entertain a complaint seeking a writ of habeas corpus. *See Ledford v. United States*, 297 F.3d 1378 (Fed. Cir. 2002); *Leaming v. United States*, 114 Fed. Cl. 201 (2014).

The proper forum for the plaintiff's application for habeas corpus is either the Northern District of New York, the location of FCI Ray Brook, or the District of New Jersey, the court "which imposed the sentence." This Court is without jurisdiction to entertain the request for habeas corpus. Although the Court could transfer the habeas corpus petition to the Northern District of New York or the District of New Jersey, the intermingling of the application for habeas corpus with the complaint's claim for damages leads the Court to determine that if the plaintiff wishes to pursue an application for habeas corpus, it would be better done in a new complaint filed separately in the Northern District of New York or the District of New Jersey.

To the extent that the complaint may be construed to seek a review of the merits of the plaintiff's underlying criminal conviction, this Court is without jurisdiction to do so. *See Sanders v. United States*, 252 F.3d 1329 (Fed. Cir. 2001).

The application for a writ of habeas corpus is dismissed without prejudice pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

The basis on which the plaintiff seeks damages is not evident from the complaint. The complaint names no individual, aside from the Attorney General and the Warden of FCI Ray Brook; as to these two, the complaint alleges no acts on their part giving rise to his damages. Thus, there is nothing in the complaint suggesting the plaintiff seeks to pursue an action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Even if the plaintiff's claim were

founded on *Bivens*, this Court would lack jurisdiction to hear it. *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997).

No specific constitutional violations are alleged by the plaintiff, and although the complaint references several statutes, primarily in Title 18 of the U.S. Code, none is money-mandating. To the extent the plaintiff's claim may arise under the due process clause, that constitutional provision is not money-mandating. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

In the complaint, the plaintiff specifically "[r]ebuts the [p]resumption that [he] has entered into a contractual agreement of any kind with the United States," thereby making clear that he presents no claim for contract damages. Complaint at 10. In addition to his own disavowal, the plaintiff has failed to allege any of the elements required to show the existence of a contract within this Court's Tucker Act jurisdiction.

Accordingly, these aspects of the plaintiff's claim for damages must also be dismissed without prejudice under RCFC 12(b)(1) and 12(h)(3).

A liberal reading of the complaint could support a claim for an unjust conviction and imprisonment pursuant to 28 U.S.C. § 2513. To avoid dismissal under RCFC 12(b)(6), a complaint must allege facts "plausibly suggesting" that the plaintiff is entitled to the relief sought. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 557 (2007).

This Court has jurisdiction to entertain a suit "for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. This cause of action arises under 28 U.S.C. § 2513, which requires a plaintiff seeking compensation to "allege and prove that . . . [h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction and . . . [h]e did not commit any of the acts charged . . . ." *See Castro v. United States*, 364 F. App'x 619 (Fed. Cir. 2010). In addition, 28 U.S.C. § 2513(b) provides that "[p]roof of the requisite facts shall be by certificate of the court or pardon wherein such facts are alleged to appear, and other evidence . . . shall not be received."

The plaintiff has failed to allege any of the prerequisites to maintain an action for damages in this Court for an unjust conviction. He does not allege that his conviction has been overturned on the ground of actual innocence and does not support his claim with the only evidence statutorily permissible to assert such a claim.

This Court has authority to dismiss *sua sponte* a claim under RCFC 12(b)(6) "provided that the pleadings sufficiently evince a basis for that action." *Anaheim*, 444 F.3d at 1315. To the extent that the complaint is susceptible to being construed to make a claim under 28 U.S.C. § 2513, it fails to satisfy the statutory requirements to prevail on the claim.

Accordingly, any claim under 28 U.S.C. § 2513 must be dismissed with prejudice under RCFC 12(b)(6).

In sum, the plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. His petition for habeas corpus and complaint for damages are **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12 (h)(3), except that, to the extent that the complaint presents a claim for damages under 28 U.S.C. § 2513, the complaint is **DISMISSED** with prejudice pursuant to RCFC 12(b)(6). The Clerk is directed to enter judgment accordingly. No costs are awarded.

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**
